UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY J. EDWARDS, individually, and on behalf of herself and other similarly situated current and former employees, | ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiffs*, | |
| v. | Case No. 3:20-cv-83 |
| SUMIRIKO TENNESSEE, INC., | Judge Travis R. McDonough |
| *Defendant*. | Magistrate Judge Debra C. Poplin |

# MEMORANDUM AND ORDER

Before the Court is the parties' joint motion for an order: (1) approving the parties' settlement of this Fair Labor Standards Act ("FLSA") collective action; (2) awarding attorneys' fees and expenses to Plaintiffs; (3) awarding a service recognition payment to the Named Plaintiff; (4) dismissing Opt-in Plaintiffs Cheryl Jones and Tommy Thompson; and dismissing all other Plaintiffs' claims with prejudice (Doc. 33). The parties assert that the terms of their proposed settlement agreement (the "Settlement Agreement") are fair, adequate, and reasonable in light of all of the circumstances.[1] For the reasons explained below, the Court will **GRANT** the joint motion (*id.*). The Court will **APPROVE** the FLSA settlement, **AWARD** a service-recognition payment to the Named Plaintiff, **AWARD** attorneys' fees and costs to Plaintiffs, and **DISMISS** Plaintiffs' claims as detailed below.

---

[1] A hearing was held on the parties' motion for settlement approval before the undersigned on August 12, 2020, in which Joseph Russ Bryant appeared for Plaintiff, and Jeffrey C. Taylor and David Stein appeared for Defendant, with Mr. Stein appearing by videoconference. (Doc. 39.)

## I. BACKGROUND AND TERMS OF THE SETTLEMENT[2]

Named Plaintiff Mary J. Edwards filed this lawsuit on February 27, 2020, alleging that Defendant SumiRiko Tennessee, Inc. ("SumiRiko") failed to pay her and others the federal minimum wage for all hours worked and asserting FLSA claims on behalf of herself and other current and former SumiRiko employees. (Doc. 1.) The parties represent that they reached the Settlement Agreement through arms-length negotiations, using a damages calculation tool that Plaintiffs' counsel developed. (Doc. 33, at 2.)

Under the terms of the Settlement Agreement, the total gross sum of $194,024.08 reflects the entire amount Defendant will pay. (Doc. 41, at 4.) This total includes: (1) $94,024.08 for Plaintiffs who have settled; (2) two service payments of $5,000 each to Named Plaintiff, one for this case and the other for her U.S. Equal Employment Opportunity Commission Charge ("EEOC"); and (2) $90,000 for attorneys' fees, litigation costs, expenses of Plaintiffs' counsel, and costs incurred in administering this settlement. (*Id.* at 6–7.) Each settling Plaintiff will receive an amount based on the assumption that he or she worked 2.05 hours off the clock for each week worked during the recovery period. (*See id.* at 17 (listing allocation to each Plaintiff).)

The $90,000 for Plaintiffs' attorneys, including $78,000 for fees and $12,000 for costs already incurred and for future costs of administering the settlement. (*Id.* at 6.) One of Plaintiffs' attorneys, J. Russ Bryant, avers that Plaintiffs' attorneys have incurred $10,000 in unreimbursed expenses and costs for this action, and anticipated incurring $2,000 in additional litigation expenses and in administering the settlement. (Doc. 42, at 2.) Mr. Bryant further avers

---

[2] The Court notes that, although the parties initially moved to seal their Settlement Agreement, they filed an unsealed Settlement Agreement after the hearing referenced above. (*See* Docs. 34, 41.) The motion to seal (Doc. 34) is now moot and will be denied as such.

that his firm, Jackson, Shields, Yeiser, Holt, Owen, & Bryant, spent approximately 225 attorney hours drafting the complaint, investigating and analyzing the claims, traveling, communicating with clients, potential clients, and opposing counsel, evaluating data, formulating a damages model, and negotiating with Defendant. (*Id.* at 3.) If billed at the firm's lowest usual rate of $350 per hour for FLSA litigation, fees would amount to approximately $78,750. (*Id.*) The parties assert that an award of $78,000 for attorneys' fees is reasonable under the methods accepted in this circuit. (Doc. 33, at 12.)

## II. STANDARD OF REVIEW

In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

An award of attorneys' fees and costs to Plaintiffs' counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* Two methods may be used, the percentage-of-the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case. *Id.* The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success. *Id.*

Courts often also consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were

undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

### III. ANALYSIS

Given the facts and circumstances of this case, the Court **FINDS** that the proposed FLSA settlement will avoid costly and time-consuming litigation that would not be likely to result in significantly greater relief for Plaintiffs. The Court will also **APPROVE** the service-recognition payments set forth in the Settlement Agreement as a fair reward for Named Plaintiff.

With respect to attorneys' fees, the Court **FINDS** that the parties' proposed award of attorneys' fees and payment of expenses are fair and reasonable under the lodestar method and the six factors listed in *Moulton. See id.* Although the Court has considered the appropriateness of the award using both the lodestar and the percentage-of-fund methods, the Court finds that the lodestar method is most appropriate in this case, to ensure "that counsel [are] fairly compensated for the amount of work done as well as for the results achieved." *Rawlings*, 9 F.3d at 516. Plaintiff provided evidence that the Settlement Agreement's allocation for attorneys' fees amounts to a reasonable estimate of the value of their attorneys' services on an hourly basis. (Doc. 42.) After considering all of the factors, the Court **FINDS** that an award of $78,000 in attorneys' fees and $12,000 in costs, is reasonable and appropriate. Finally, the parties' Settlement Agreement includes the parties' intention to request that the Court "reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of this Agreement and over the administration and distribution of the benefits provided by this

4

Agreement." (Doc. 41, at 11.) Finding this request unnecessary, the Court will decline to retain jurisdiction over this matter. In sum, the Court will **APPROVE** the parties' Settlement Agreement but **DENY** the parties' request that the Court retain jurisdiction.

### IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** the parties' joint motion for settlement approval (Doc. 33), except as to the parties' request that the Court retain jurisdiction over this matter. The Court **DENIES AS MOOT** the motion to seal. (Doc. 34.) The Court hereby:

(1) **APPROVES** the settlement of Plaintiffs' claims with Defendant, for $94,024.08 in compensatory damages for Plaintiffs who have settled and service-recognition payments of $10,000 for Named Plaintiff, to be allocated as set forth in the Settlement Agreement and as detailed in this order;

(2) **AWARDS** reasonable attorneys' fees and costs, including the costs of settlement administration, to Plaintiffs' counsel in the amount of $90,000, to be paid as set forth in the Settlement Agreement and as detailed in the accompanying order;

(3) **DISMISSES WITHOUT PREJUDICE** the claims of Opt-in Plaintiffs Cheryl Jones and Tommy Thompson; and

(4) **DISMISSES WITH PREJUDICE** the claims of all other Plaintiffs in this action.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**